**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERNANDO GASTELUM, an individual, | Case No.: 26-cv-00451-DMS-VET |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| SAN DIEGO HOTEL COMPANY LLC, a California Limited Liability Company, | |
| Defendant. | |

This case comes before the Court on Defendant San Diego Hotel Company LLC's motion to dismiss Plaintiff Fernando Gastelum's First Amended Complaint ("FAC"). Plaintiff filed an Opposition to Defendant's motion, and Defendant filed a Reply. The matter is fully briefed and submitted. For the reasons set forth below, Defendant's motion is denied.

Plaintiff alleges Defendant owns and operates the San Diego Marriott Gaslamp Quarter hotel ("Hotel") located at 660 K Street in San Diego.[1] Plaintiff alleges he is disabled and ambulates with a wheelchair, scooter, and prosthetic leg and cane due to the loss of a leg. Plaintiff alleges Defendant does not have a legally compliant "access aisle"

---

[1] The facts set out herein derive from Plaintiff's FAC.

1

at the passenger loading zone adjacent to the Hotel's lobby, which is important because an access aisle provides a safe space for deploying vehicle-mounted wheelchair lifts, maneuvering mobility devices, and allowing individuals to safely enter and exit their vehicles without encumbrances such as a vehicle in that space. Plaintiff further alleges Defendant does not have a "curb cutout or ramp" to access the Hotel from the passenger loading zone, which is required because there is a 3" curb between the passenger loading zone and walkway leading to the Hotel entrance that effectively bars access for disabled persons such as himself.

Plaintiff alleges he is a frequent traveler and visited Defendant's Hotel in mid-January 2026. When he arrived he was not using his prosthetic and relied on his scooter, which was affixed to the back of his car. Plaintiff pulled into Defendant's passenger loading zone directly outside the Hotel lobby, which was identified by a temporary stand-up sign that says, among other things, "Hotel Passenger Loading/Unloading Zone". Plaintiff alleges that while the Hotel has a designated passenger loading zone, it does not have an appropriately identified and marked access aisle and curb cutout or ramp at the passenger loading zone. He claims it was "impossible" for him to access the Hotel from the passenger loading zone without a curb cutout or ramp, so he was deterred from entering the Hotel. And without an access aisle Plaintiff alleges he was unable to safely maneuver his vehicle, scooter, and person "without threat of danger from other vehicles and without other encumbrances obstructing his pathway." The Hotel lobby was therefore "inaccessible to Plaintiff."

Plaintiff further alleges he plans to return to and stay at Defendant's Hotel in July 2026 and hopes Defendant will have remediated the barriers by that time. He claims remediation is readily achievable and inexpensive. Based on these allegations, Plaintiff alleges Defendant discriminates against individuals who are disabled by failing to make public lodging services fully accessible in violation of the American with Disabilities Act of 1990 ("ADA), 42 U.S.C. § 12182 (b)(2)(A)(iv); Sections 209.4 and 503.3 of the 2010 ADA Standards; and Cal. Civ. Code § 51(f) ("Unruh Civil Rights Act).

26cv00451 DMS (VET)

Defendant argues, and Plaintiff does not dispute, that the subject passenger loading zone is on a street, curb, and sidewalk owned and controlled by the City of San Diego. It is also undisputed that Defendant's property ends at the edge of the Hotel abutting the City-owned sidewalk, and Defendant only has a license to use the area through a City-issued Valet Parking Permit. *See* Burg Decl. to Mot., Ex. 2 ("Valet Parking Permit Terms and Conditions"). The Valet Permit, according to Defendant, "does not transfer ownership, confer control over structural features, or impose responsibility for ADA compliance of municipal infrastructure." (Reply Br., at 4.) Defendant argues the Valet Permit does not allow it to install a curb cut, regrade the sidewalk, restripe or redesign the street, or create an access aisle in a public vehicular way. (*Id.*) Defendant contends Plaintiff improperly attempts to impose liability on a private hotel for alleged noncompliance that exists solely on municipal infrastructure that Defendant does not own or control, and thus Plaintiff fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant also argues Plaintiff fails to establish Article III standing as no alleged injury is traceable to Defendant because the area in question is owned and controlled by the City, not the Hotel; therefore, any injury sustained by Plaintiff is caused by the City of San Diego.[2] Accordingly, Defendant also moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.

In deciding the present motion, the Court is mindful of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), where the Supreme Court established a more stringent standard of review for 12(b)(6) motions. To survive a motion to dismiss under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Under these authorities, the Court must view the

---

[2] Defendant states Plaintiff "has sued the wrong party[,] (Reply Br., at 1), but does not further address the argument or argue the City is an indispensable party. *See, e.g.,* Fed. R. Civ. Proc. 19(a)(1) (required or indispensable party). The Court, therefore, declines to further address the argument.

26cv00451 DMS (VET)

allegations of the complaint in the light most favorable to Plaintiff, consider allegations of the complaint as true, and accept all reasonable inferences.

Plaintiff concedes Defendant cannot make "permanent structural changes" to City property, which is the focus of Defendant's motion, but argues his remedies to the alleged access barriers include *temporary* fixes, such as readily available online products like "lightweight, inexpensive and mobile ramps" and "plastic, inexpensive posts that can be positioned in the shape of a square to mark [an] access aisle." (Opp'n at 2.) Plaintiff argues these kinds of remedial measures are "readily achievable" as they are "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. 12181(9).

Defendant argues "the ADA does not impose liability for conditions beyond a defendant's control."[3] (Reply Br., at 5.) However, on the present record, it is unclear if Plaintiff's proposed remedies are beyond Defendant's control, and all reasonable inferences must be drawn in Plaintiff's favor. The Valet Permit itself requires Defendant to "provide and maintain portable pedestal signs" that identify the area in question as a "Passenger Loading" zone, which "must be located within 24 inches of the face of the curb and be placed in such a manner as not to create an impediment to pedestrians." (Burg Decl., Ex.2, ¶ 5(a), (f). (Valet Permit).) If Defendant is required to use that kind of "portable" signage under the Valet Permit, a reasonable inference exists that Defendant is also free (if not obligated) to use other portable objects to ensure its valet activities are legally compliant. Notably, the San Diego Municipal Code provides that valet permittees

---

[3] In support of Defendant's argument that it has "no ability to alter either the sidewalks, curbs or streets[,]" Defendant submitted an email from the Curb Space & Parking Management Program Manager for the City of San Diego, Ahmad Erikat, which states in part that, "Hotels or other private entities are not permitted to make any alterations to the curb, street, sidewalk, or related infrastructure. This includes structural modifications, painting, signage installation, or any other changes to the zones or curbs." (Mot. at 5; Wilson Decl. to Mot., Ex. 1 (March 11, 2026 email from Erikat to Wilson).) Plaintiff objects to the Erikat email as extrinsic evidence not properly before the Court on a Rule 12(b)(6) motion, but even if considered, the email does not assist Defendant as it does not address Defendant's ability to employ temporary, as opposed to permanent, remedial measures.

26cv00451 DMS (VET)

must comply with "applicable state laws[,]" (S.D. Mun. Code, Ch. 8, Art. 6., Div. 22, § 86.2206 (j) (Valet Parking Permit Requirements)), as does the Valet Permit itself.  *See* Burg Decl. to Mot., Ex. 2, ¶ 9(a) (stating "Permittee is responsible for the proper operation of the valet parking zone.  Any violation of the conditions enumerated in San Diego Municipal Code, Chapter 8, Article 6, Division 22 … shall be sufficient cause for revocation of the Permit by the City Manager.").  And a violation of the ADA is a violation of state law.  *See* Civ. Code § 51(f) (stating "violation of the right of any individual under the [ADA] shall also constitute a violation of this section.")[4]

Given Plaintiff's allegations, which the Court accepts at face value at this stage of the proceedings, Plaintiff has plausibly stated claims under the ADA, 2010 ADA Standards,[5] and California's Unruh Act as he allegedly encountered access barriers that prevented his access to the Hotel, are readily addressable, and for which Defendant may be responsible.  Because Defendant may be responsible for the alleged violations, as opposed to the City alone, Defendant's Rule 12(b)(1) motion fails, as well.  Defendant will answer Plaintiff's FAC within 14 days of the filing of this Order.

**SO ORDERED.**

Dated:  May 7, 2026

_____

Hon. Dana M. Sabraw
United States District Judge

---

[4] The Valet Permit also requires Defendant to indemnify the City from "any and all claims … and liability of every kind, nature and description ... that arise out of … any valet activities[.]"  *See* Burg Decl. to Mot., Ex. 2, ¶ 6.

[5] Defendant also argues the 1991 ADA Standards apply, not the 2010 Standards.  Plaintiff disagrees and further argues it does not matter which Standard applies as they both require a curb cutout or ramp and access aisle.  The Court declines to resolve this issue on the present motion.  Defendant may raise the argument again, if it desires, in a subsequent Rule 12(c) or Rule 56 motion.

26cv00451 DMS (VET)